**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| REBECCA R. ARY,<br>          Appellant, | DOCKET NUMBER<br>DA-0752-15-0038-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>          Agency. | DATE: June 9, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Rebecca R. Ary, Mansfield, Texas, pro se.

Adam W. Boyer, Grand Prairie, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      On October 22, 2014, the appellant filed this appeal alleging that she involuntarily resigned from her Human Resources Specialist position on May 10, 2013, due to "harassment/discrimination/retaliation [for] being a whistleblower." Initial Appeal File (IAF), Tab 2 at 3, 5. She asserted, among other things, that she was harassed because she was appointed as a 30% disabled, preference-eligible veteran. *Id.* at 5. On November 4, 2014, the administrative judge informed the appellant that resignations are generally presumed to be voluntary actions that are not appealable to the Board, but that she might be able to establish Board jurisdiction over the following three claims: (1) involuntary resignation; (2) reprisal for whistleblowing; and (3) discrimination under the Uniformed Service Employment and Reemployment Rights Act of 1994 (USERRA). IAF, Tab 3 at 2-4. Regarding the involuntary resignation claim, the administrative judge ordered the appellant to file evidence and argument that she was forced to resign by improper acts of the agency. *Id.* at 2. Regarding the whistleblower reprisal claim, the appellant was ordered to file evidence and argument establishing either that the matter appealed was "an otherwise appealable action" or that she first sought corrective action with the Office of Special Counsel (OSC). *Id.* at 3. Regarding the claim of discrimination under USERRA, the order stated that the appellant was to file evidence and argument regarding exhaustion of that claim before the Department of Labor, but did not instruct the appellant to address any other jurisdictional requirements. *Id.* at 3-4. The appellant did not file a response.

¶3      The administrative judge also issued an order on timeliness on November 4, 2014, ordering the appellant to file evidence and argument on whether the appeal had been timely filed or that good cause existed for the delay. IAF, Tab 4. The appellant did not respond. On November 17, 2014, the agency filed a motion to dismiss the appeal as untimely. IAF, Tab 6. On November 28, 2014, the agency filed a supplemental motion to dismiss the appeal because the appellant had not

been subjected to an appealable action when she voluntarily resigned. IAF, Tab 9.

¶4    On December 11, 2014, the administrative judge issued an order to show cause stating, in part, that the appellant previously had been advised of the jurisdictional question and what she must allege in order to be entitled to a hearing, but failed to submit a response. IAF, Tab 10. The administrative judge ordered the appellant to show cause in writing why the appeal should not be dismissed for lack of jurisdiction. *Id.* at 2. The order stated that, if the appellant failed to file a response, the appeal would be dismissed for lack of jurisdiction. *Id.* The appellant did not file a response. On January 2, 2015, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). The administrative judge concluded that the appellant had failed to make a nonfrivolous allegation that her resignation was coerced through improper agency action. ID at 2-3.

¶5    The appellant has filed a petition for review of the initial decision, requesting generally that the Board review the dismissal of her appeal based on, among other things, her claims of harassment, "veteran disability," retaliation, and whistleblower reprisal. Petition for Review (PFR) File, Tab 1 at 7.[2] The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

---

[2] The appellant has not established that any of the documents submitted with her petition for review contain information that was unavailable, despite her due diligence, before the record closed below. Thus, we have not considered those documents as grounds for granting her petition. *See* 5 C.F.R. § 1201.115(d). To the extent that any of this material is relevant to the issues on remand, however, the appellant may resubmit it on remand consistent with the procedures and time limits established by the administrative judge.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's involuntary resignation claim was appropriately dismissed for lack of jurisdiction.</u>

¶6          An appellant must receive explicit information on what is required to establish jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The acknowledgment order and the agency's pleadings provided the appellant with sufficient notice of what was required to establish the Board's jurisdiction over her involuntary resignation claim. *See* IAF, Tab 3 at 2, Tab 9. The appellant was ordered to file evidence and argument to support this claim, but did not respond.

¶7          An appellant is only entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 10 (2010). Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id.* We agree with the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that her resignation was involuntary. ID at 2-3. The appellant has not alleged working conditions so intolerable that a reasonable person in her position would have felt compelled to resign. *See Hurwitz v. Department of the Army*, 61 M.S.P.R. 436, 439 (1994) (the Board has found that there has been a constructive discharge when working conditions are rendered objectively intolerable by harassment forcing an employee to resign).

<u>The Board lacks jurisdiction over the appellant's whistleblower reprisal claim.</u>

¶8          The appellant has alleged that she resigned because she was subjected to reprisal for whistleblowing. IAF, Tab 2 at 5; PFR File, Tab 1 at 7. Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board through an individual right of action appeal, unless she is appealing an action otherwise appealable to the

Board. The administrative judge ordered the appellant to file evidence and argument that she either exhausted her remedies before OSC or was appealing an otherwise appealable action. IAF, Tab 3 at 3. The appellant did not respond to this order. On her appeal form, she indicated that she did not file a whistleblowing complaint with OSC. IAF, Tab 2 at 4. The appellant has not identified any action otherwise appealable to the Board to which she could raise an affirmative defense of whistleblower reprisal. *See Metzenbaum v. Department of Justice*, 89 M.S.P.R. 285, ¶ 15 (2001) (the Board's authority regarding USERRA complaints does not extend beyond the complained of discrimination because of military status and does not include review of other claims of prohibited discrimination). Therefore, we find the Board lacks jurisdiction over her whistleblower reprisal claim.

The administrative judge erred in dismissing the appellant's USERRA claim for lack of jurisdiction because she was not provided information regarding the requirements for establishing jurisdiction over a USERRA complaint.

¶9        The appellant has alleged that she resigned due to harassment based on her status as a disabled veteran. IAF, Tab 2 at 5; PFR File, Tab 1 at 7. Two types of cases arise under USERRA: (1) reemployment cases, in which the appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) so-called "discrimination" cases, in which the appellant claims that an agency has taken an action prohibited by 38 U.S.C. § 4311(a) or (b). *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005).

¶10       The appellant did not explicitly reference USERRA in her pleadings. However, both the U.S. Court of Appeals for the Federal Circuit and the Board have found that an appellant need not do so where, as here, her allegations have placed the administrative judge on notice that she was attempting to raise a USERRA claim. *See Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1485 (Fed. Cir. 1998) (an appellant established jurisdiction over her USERRA

discrimination claim, although she did not reference USERRA in her Board appeal); *see also Hammond v. Department of Veterans Affairs*, 98 M.S.P.R. 359, ¶¶ 9-10 (2005) (although an appellant did not specifically identify USERRA as the basis for his claim, the administrative judge erred in failing to consider his allegations as a USERRA discrimination claim).  Indeed, the acknowledgment order references a possible USERRA claim, but the administrative judge made no explicit finding regarding the Board's jurisdiction over the USERRA claim in the initial decision.  *Compare* IAF, Tab 3 at 3-4, *with* ID at 2-3.

¶11      Neither the administrative judge nor the agency placed the appellant on notice of the burdens and the elements of proof for establishing a USERRA discrimination claim.  *See* ID at 2-3; *see also* IAF, Tab 3 at 3-4, Tab 8 at 6-7, Tab 9.  Concerning the USERRA claim, the acknowledgment order stated that the Board has appellate jurisdiction over appeals alleging discrimination in federal employment on account of prior military service.  *See* IAF, Tab 3 at 3-4.  The order cited to applicable statutes and cases, but lacked explicit information regarding what is required to establish the Board's jurisdiction over a USERRA discrimination claim.  *See id.*  Further, the order only instructed the appellant to submit evidence on the issue of exhaustion with the Department of Labor.  *Id.* at 4.  Although she did not submit any evidence of exhaustion, she stated on her appeal form that she did not file a complaint on this matter with the Department of Labor, IAF, Tab 2 at 4, and she was not required to pursue such a complaint before filing a USERRA appeal with the Board, *see* 38 U.S.C. § 4324(b)(1). Because the appellant was not placed on specific notice of what else she needed to show or allege to establish Board jurisdiction over her USERRA claim, the administrative judge erred in dismissing this claim for lack of jurisdiction.  *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 5 (2005) (an administrative judge erred by dismissing a USERRA appeal without providing the appellant with *Burgess* notice).

¶12     To establish the Board's jurisdiction over a USERRA discrimination claim arising under 38 U.S.C. § 4311(a), the appellant must allege the following: (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied her initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 8 (2009). Claims of harassment on account of prior service in the uniformed services are cognizable under USERRA. *Petersen v. Department of the Interior*, 71 M.S.P.R. 227, 234-39 (1996). It is well established that a claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous, particularly where, as here, the appellant is pro se. *Wilson*, 111 M.S.P.R. 54, ¶ 9. The weakness of the assertions in support of a claim is not a basis to dismiss a USERRA claim for lack of jurisdiction; rather, if the appellant fails to develop her contentions, her USERRA claim should be denied on the merits. *Williams v. Department of the Air Force*, 97 M.S.P.R. 252, ¶¶ 2, 10-11 (2004).

¶13     The appellant's allegation that she was harassed based on her status as a disabled veteran could be an independent basis for the Board's jurisdiction, even if her resignation was voluntary and not otherwise appealable to the Board. *See Randall v. Department of Justice*, 105 M.S.P.R. 524, ¶¶ 10-12 (2007) (finding that the Board could have jurisdiction under USERRA for a harassment claim in addition to an otherwise appealable constructive removal claim). However, the appellant was not provided notice of the requirements for establishing the Board's jurisdiction over her USERRA claim. Therefore, we must remand that claim to

afford her appropriate notice and the opportunity to establish jurisdiction under USERRA.[3]

## ORDER

¶14    For the reasons discussed above, we REMAND this appeal to the regional office for further adjudication of the USERRA claim in accordance with this Remand Order.[4]

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

---

[3] The agency's argument that the appeal was untimely is inapplicable to the USERRA claim. *See* IAF, Tab 6 (the agency's motion to dismiss the appeal as untimely). There is no time limit to file a USERRA appeal directly with the Board, *see Holmes v. Department of Justice*, 92 M.S.P.R. 377, ¶ 10 (2002), although the doctrine of laches may apply in appropriate circumstances, *see Johnson v. U.S. Postal Service*, 121 M.S.P.R. 101, ¶¶ 6-9 (2014).

[4] The appellant failed to respond to multiple orders issued by the administrative judge. *See* ID at 2-3. The appellant is cautioned that her failure to respond to multiple Board orders could be cause for sanctions, up to and including the dismissal of her appeal for failure to prosecute. *See Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011) (where an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the imposition of the sanction of dismissal for failure to prosecute has been found appropriate).